**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
**JOSE MARTIN ABREU-PICHARDO, FERNANDO CUADRAFELIMON FELIX, YOMARY MARTINEZ GARCIA, ESMERALDO MARTINEZ DELACRUZ, FRANCISCO MENDOZA, RAMON OVIEDO, WENDY PAULINO, DIOGENES PUNTIEL, AND MARIO MEZA TLAMINTZI,**

Index No.: 19-cv-07031

**AMENDED ANSWER**

                    **Plaintiffs,**

      -against-

**INTERNATIONAL RESTAURANT, CORP., JUAN MAXIMO NUNEZ, LEIDA RAMIREZ NUNEZ, YAMIL NUNEZ, AND GINA NUNEZ,**

                    **Defendants.**
-----------------------------------------------------------------------X

      Defendants INTERNATIONAL RESTAURANT, CORP., JUAN MAXIMO NUNEZ, LEIDA RAMIREZ NUNEZ, YAMIL NUNEZ and GINA NUNEZ by their attorneys Hoffmann & Associates, for their answer to the complaint herein, aver as follows:

### INTRODUCTION

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the complaint.

## **PARTIES**

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

14. Admit the allegations set forth in paragraph 14 of the complaint.

15. Admit the allegations set forth in paragraph 15 of the complaint.

16. Deny the allegations set forth in paragraph 16 of the complaint, but admit International Restaurant Corp. is a restaurant located at 4408 5th Avenenue, NY 11220.

17. Admit the allegations set forth in paragraph 17 of the complaint.

18. Admit the allegations set forth in paragraph 18 of the complaint.

19. Admit the allegations set forth in paragraph 19 of the complaint.

20. Deny the allegations set forth in paragraph 20 of the complaint, but admit defendant Juan Maximo Nunez is an individual who maintains his principle place of business in Brooklyn, NY.

21. Deny the allegations set forth in paragraph 21 of the complaint.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. Deny the allegations set forth in paragraph 25 of the complaint.

26. Deny the allegations set forth in paragraph 26 of the complaint.

27. Deny the allegations set forth in paragraph 27 of the complaint.

28. Deny the allegations set forth in paragraph 28 of the complaint.

29. Deny the allegations set forth in paragraph 29 of the complaint.

30. Deny the allegations set forth in paragraph 30 of the complaint.

31. Deny the allegations set forth in paragraph 31 of the complaint.

32. Deny the allegations set forth in paragraph 32 of the complaint.

## JURISDICTION AND VENUE

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the complaint.

## **FACTS**

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the complaint.

37. Deny the allegations set forth in paragraph 37 of the complaint.

38. Deny the allegations set forth in paragraph 38 of the complaint.

39. Deny the allegations set forth in paragraph 39 of the complaint.

40. Deny the allegations set forth in paragraph 40 of the complaint, but admit that plaintiff Jose Martin Abreu Pichardo worked for International Restaurant Corp sometime between 2014 and 2019.

41. Deny the allegations set forth in paragraph 41 of the complaint, but admit that plaintiff Fernando Cuadra worked for International Restaurant Corp sometime between 2014 and 2019

42. Deny the allegations set forth in paragraph 42 of the complaint, but admit that plaintiff Felimon Felix worked for International Restaurant Corp. sometime between 2007 and 2017.

43. Deny the allegations set forth in paragraph 43 of the complaint, but admit that plaintiff Yomary Martinez Garcia worked for International Restaurant Corp. sometime between 2012 and 2019.

44. Deny the allegations set forth in paragraph 44 of the complaint, but admit that plaintiff Esmeraldo Martinez Delacruz worked for International Restaurant Corp. sometime between 2017 and 2018.

45. Deny the allegations set forth in paragraph 45 of the complaint, but admit that plaintiff Francisco Mendoza worked for International Restaurant Corp. sometime between 1995 and 2019.

46. Deny the allegations set forth in paragraph 46 of the complaint, but admit that plaintiff Ramona Luna Oviedo worked for International Restaurant Corp. sometime between 2001 and 2019.

47. Deny the allegations set forth in paragraph 47 of the complaint, but admit that plaintiff Wendy Paulino worked for International Restaurant Corp. sometime between 2004 and 2019.

48. Deny the allegations set forth in paragraph 48 of the complaint, but admit that plaintiff Diogenes Puntiel worked for International Restaurant Corp. sometime between 1991 and 2019.

49. Deny the allegations set forth in paragraph 49 of the complaint, but admit that plaintiff Mario Meza Tlamintzi worked for International Restaurant Corp. sometime between 1999 and 2019.

50. Deny the allegations set forth in paragraph 50 of the complaint.

51. Deny the allegations set forth in paragraph 51 of the complaint.

52. Deny the allegations set forth in paragraph 52 of the complaint.

53. Deny the allegations set forth in paragraph 53 of the complaint.

54. Deny the allegations set forth in paragraph 54 of the complaint.

55. Deny the allegations set forth in paragraph 55 of the complaint.

56. Deny the allegations set forth in paragraph 56 of the complaint.

57. Deny the allegations set forth in paragraph 57 of the complaint.

58. Deny the allegations set forth in paragraph 58 of the complaint.

59. Deny the allegations set forth in paragraph 59 of the complaint.

**FIRST CAUSE OF ACTION**
**(As to Plaintiffs Jose Martin Abreu-Pichardo, Felimon Felix, Yomary Martinez Garcia, Esmeraldo Delacruz, Francisco Mendoza, Ramona Oviedo, Wendy Paulino, Diogenes Puntiel, And Mario Tlamintzi)**

*Failure to Pay Overtime Wages (Federal)*

60. Repeat and reallege their responses to the allegations set forth in paragraphs 1-59 of the complaint.

61. Deny the allegations set forth in paragraph 61 of the complaint.

62. Deny the allegations set forth in paragraph 62 of the complaint.

63. Deny the allegations set forth in paragraph 63 of the complaint.

64. Deny the allegations set forth in paragraph 64 of the complaint.

65. Deny the allegations set forth in paragraph 65 of the complaint.

**SECOND CAUSE OF ACTION**
**(As to Plaintiffs Jose Martin Abreu-Pichardo, Felimon Felix, Yomary Martinez Garcia, Esmeraldo Delacruz, Francisco Mendoza, Ramona Oviedo, Wendy Paulino, Diogenes Puntiel, And Mario Tlamintzi)**

*Failure to Pay Overtime (State)*

66. Repeat and reallege their responses to the allegations set forth in paragraphs 1-65 of the complaint.

67. Deny the allegations set forth in paragraph 67 of the complaint.

68. Deny the allegations set forth in paragraph 68 of the complaint.

69. Deny the allegations set forth in paragraph 69 of the complaint.

70. Deny the allegations set forth in paragraph 70 of the complaint.

71. Deny the allegations set forth in paragraph 71 of the complaint.

72. Deny the allegations set forth in paragraph 72 of the complaint.

### THIRD CAUSE OF ACTION
**(As to Plaintiffs Jose Martin Abreu-Pichardo, Yomary Martinez Garcia, Ramona Oviedo, Wendy Paulino and Fernando Cuadra)**

*Failure to Pay Minimum Wages (Federal)*

73. Repeat and reallege their responses to the allegations set forth in paragraphs 1-72 of the complaint.

74. Deny the allegations set forth in paragraph 74 of the complaint.

75. Deny the allegations set forth in paragraph 75 of the complaint.

76. Deny the allegations set forth in paragraph 76 of the complaint.

77. Deny the allegations set forth in paragraph 77 of the complaint.

### FOURTH CAUSE OF ACTION
**(As to Plaintiffs Jose Martin Abreu-Pichardo, Yomary Martinez Garcia, Ramona Oviedo, Wendy Paulino and Fernando Cuadra)**

*Failure to Pay Minimum Wages (State)*

78. Repeat and reallege their responses to the allegations set forth in paragraphs 1-77 of the complaint.

79. Deny the allegations set forth in paragraph 79 of the complaint.

80. Deny the allegations set forth in paragraph 80 of the complaint.

81. Deny the allegations set forth in paragraph 81 of the complaint.

82. Deny the allegations set forth in paragraph 82 of the complaint.

### FIFTH CAUSE OF ACTION
**(As to All Plaintiffs)**

*Failure to Provide Wage Notices & Wage Statements (State)*

83. Repeat and reallege their responses to the allegations set forth in paragraphs 1-82 of the complaint.

84. Deny the allegations set forth in paragraph 84 of the complaint.

85. Deny the allegations set forth in paragraph 85 of the complaint.

86. Deny the allegations set forth in paragraph 86 of the complaint.

## SIXTH CAUSE OF ACTION
### (As to Plaintiffs Jose Martin Abreu-Pichardo, Esmeraldo Martinez Delacruz, Ramona Oviedo and Diogenes Puntiel)

*Failure to Pay Spread of Hours (State)*

87. Repeat and reallege their responses to the allegations set forth in paragraphs 1-86 of the complaint.

88. Deny the allegations set forth in paragraph 88 of the complaint.

89. Deny the allegations set forth in paragraph 89 of the complaint.

90. Deny the allegations set forth in paragraph 90 of the complaint.

91. Deny the allegations set forth in paragraph 91 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

92. Plantiffs' allegations against each of the defendants fail to set forth legally cognizable claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

93. Plaintiffs' claims are barred by the doctrines of estoppel, laches, waiver, unclean hands and the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

94. Defendants Leida Ramirez Nunez, Yamil Nunez and Gina Nunez are not employers within the meaning of the Fair Labor Standards Act or under the New York Labor Law.

**WHEREFORE,** defendants International Restaurant, Corp., Juan Maximo Nunez, Leida Ramirez Nunez, Yamil Nunez, and Gina Nunez demand that the complaint be dismissed in its entirety and that they each be awarded the costs, disbursements and reasonable attorneys' fees necessitated by this action and such further relief as the Court shall deem appropriate.

Dated: New York New York
       April 15, 2020

Respectfully submitted,

**HOFFMANN & ASSOCIATES**

By:     **/s/Andrew S. Hoffmann**
     **Andrew S. Hoffmann, Esq.**
*Attorneys for Defendants International Restaurant Corp., Juan Maximo Nunez, Leida Ramirez Nunez, Yamil Nunez, and Gina Nunez*
**450 Seventh Avenue, Suite 1400**
**New York, New York 10123**
**Tel (212) 679-0400**
**Fax (212) 679-1080**